IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL BRANDON-ELZIE NELSON, §<br>#23012250, §<br> §<br> Plaintiff, §<br> §<br>V. §<br> §<br>GREG ABBOTT ET AL., §<br> §<br> Defendants. §  | No. 3:24-cv-3217-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Without paying the statutory filing fee, Michael Brandon-Elzie Nelson, incarcerated at the Dallas County jail, submitted a *pro se* filing that has been construed as a civil rights complaint under 28 U.S.C. § 1983. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred Nelson's construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On December 26, 2024, the undersigned entered a notice of deficiency and order that, among other things, noted that it was not clear whether Nelson intended to file a civil rights complaint or a habeas petition under 28 U.S.C. § 2241. *See* Dkt. No. 4 at 1. So the Court provided "Nelson an opportunity to amend the claims made to state <u>either</u> a habeas action or a civil rights action" and directed the Clerk of Court to attach the relevant forms. *Id.* at 2.

In response, Nelson filed amended claims on <u>both</u> the form for a Section 2241 habeas action and a Section 1983 civil rights action. *See* Dkt. Nos. 5, 10-12, 14. The

undersigned then entered an order severing the Section 2241 claims [Dkt. Nos. 5, 12], leaving only the amended Section 1983 claims in this case [Dkt. Nos. 10, 11, 14].

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v.*

*Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

A review of Nelson's amended filings [Dkt. Nos. 10, 11, 14] reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). But Nelson has already had

an opportunity to amend and has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Nelson could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## Recommendation

The Court should dismiss the complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 28, 2025

                                                        _____

                                                        DAVID L. HORAN
                                                        UNITED STATES MAGISTRATE JUDGE